UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEMPSO LAMBERT and ASHNATH PERCEVAL,

    Plaintiffs,

v.                                  Case No: 6:19-cv-59-Orl-40LRH

SECRETARY, DEPARTMENT OF HOMELAND SECURITY, DIRECTOR, CITIZENSHIP AND IMMIGRATION SERVICES, DISTRICT DIRECTOR, CITIZENSHIP AND IMMIGRATION SERVICES, ORLANDO, FLORIDA and ORLANDO FIELD OFFICE DIRECTOR, CITIZENSHIP AND IMMIGRATION SERVICES,

    Defendants.
_____/

## ORDER

This cause comes before the Court without oral argument on Defendants' Motion to Dismiss (Doc. 21), and Plaintiffs' Response in Opposition (Doc. 24). With briefing complete, the motion is ripe. Upon consideration, the motion is due to be denied.

## I. BACKGROUND

Plaintiffs bring this action under the Administrative Procedures Act, 5 U.S.C. § 702 *et seq.* and the Mandamus Act, 5 U.S.C. § 701 *et seq.,* seeking review of immigration agency decisions and other relief. (Doc. 1).

Plaintiff Hempso Lambert is a native and citizen of Haiti. (*Id.* ¶ 13). He is married to Plaintiff Ashnath Perceval. (*Id.* ¶ 14). Upon arrival in the United States, Lambert was detained by Customs and Border Protection ("**CBP**") at Mona Island, Puerto Rico. (*Id.* ¶

15; Doc. 1-5). Pursuant to 8 U.S.C. § 1225(b), an expedited order of removal was entered against Lambert. (Doc. 1, ¶ 15; Doc. 1-5, p. 4). Thereafter, on July 30, 2012, Lambert was issued a Form I-220B, Order of Supervision ("**OSUP**"), allowing him to stay in the United States notwithstanding the removal order. (Doc. 1, ¶ 16).

On October 3, 2017, Perceval filed a Form I-130, Petition for Alien Relative, listing Lambert as the beneficiary. (*Id.* ¶ 17). On the same day, Lambert filed a Form I-485, Application to Register Permanent Residence or Adjust Status. (*Id.* ¶ 18). USCIS denied the Form I-485 application on November 21, 2018, based on his failure to show that he was "inspected and admitted or paroled" into the United States pursuant to INA § 245(a). (*Id.* ¶¶ 22, 25).

Plaintiffs seek review of the denial of Plaintiff's Form I-485 under the APA. (*Id.* ¶ 22). Specifically, Plaintiffs ask for "a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(2) compelling Defendants to reopen and properly adjudicate Plaintiff Lambert's Form I-485." (*Id.* at p. 6). Furthermore, Plaintiffs request the Court compel Defendants to forward her Form I-130 to the National Visa Center ("**NVC**") for processing. (*Id.* ¶ 26).

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II.  DISCUSSION

First, Defendants move to dismiss Plaintiffs' APA claim, seeking review of the denied Form I-485 application, on the ground that it is an impermissible challenge to the expedited removal order. (Doc. 21, pp. 6–9). The Immigration and Nationality Act provides that removal orders may be challenged only by "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5). District courts therefore lack

jurisdiction over challenges to orders of removal. *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). Concomitantly, district courts lack jurisdiction over challenges to decisions "inextricably linked" to removal orders, *Morales-Izquierdo v. Department of Homeland Security*, 600 F.3d 1076, 1082–83 (9th Cir. 2010), and "indirect[]" challenges to removal orders, *Delgado*, 643 F.3d at 55.

The Court agrees that Plaintiffs' challenge to the denial of Lambert's Form I-485 is an impermissible collateral challenge to a removal order. In their Response brief, Plaintiffs advance a novel and unsupported argument that the OSUP shows that Lambert was "paroled" into the United States, qualifying Plaintiff for an adjustment of status. (Doc. 24, pp. 3–7). This argument is not persuasive. The substance of the relief sought—an order requiring Defendants to reopen and "properly adjudicate" Lambert's Form I-485—is an indirect challenge to the order of removal against Lambert. *See Delgado*, 643 F.3d at 55; *see also Estrada v. Holder*, 604 F.3d 402, 408 (7th Cir. 2010) (explaining that alien could not evade the scope of 8 U.S.C. § 1252(a) through characterizing claim as an APA challenge). Accordingly, the Court lacks jurisdiction as to Count I.

Second, Defendants move to dismiss Count II, Plaintiffs' claim seeking to compel Defendants to forward Perceval's Form I-130 to the NVC. (Doc. 21, pp. 13–15). The APA requires district courts to "compel agency action unlawfully withheld and unreasonably delayed." 5 U.S.C. § 706(1). "The general rule is that a challenge to agency action in the courts must occur after available administrative remedies have been pursued." *Haitian Refugee Ctr., Inc. v. Nelson*, 872 F.2d 1555, 1561 (11th Cir. 1989). Exhaustion is not required if the unexhausted administrative remedy cannot provide relief "commensurate with the claim." *Id.*

Defendants maintain that Plaintiffs did not exhaust Count II by filing a Form I-824. (Doc. 21, pp. 14–15). Defendants maintain that "Plaintiffs can designate a U.S. consulate, or request USCIS to forward the petition to the NVC for adjustment of status abroad," thus obtaining the relief sought by Count II through administrative means. (*Id.* at p. 15; Doc. 21-2). In response, Plaintiffs do not dispute that they could obtain the relief sought in Count II through the mechanism proffered by Defendants. (Doc. 24, p. 9). Instead, Plaintiffs insist that the burden is on Defendants to initiate the forwarding of the Form I-130 pursuant to regulation. (*Id.*). On review, the Court finds that Defendants have shown that Plaintiffs failed to exhaust available and sufficient administrative remedies as to Count II. *See Nelson*, 872 F.2d at 1561. Count II is thus dismissed.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (Doc. 21) is **GRANTED**. The Clerk of Court is **DIRECTED** to terminate any pending deadlines and close the file.

**DONE AND ORDERED** in Orlando, Florida on June 7, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4